UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUTIERREZ,<br><br>                          Petitioner,<br><br>v.<br><br>JAMES HILL,<br><br>                          Respondent. | Case No.: 22cv1413-JO(LR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO CONTINUE [ECF NO. 5]** |

On November 14, 2022, Respondent filed an "Application for an Extension of Time to File a Response to the Petition for Writ of Habeas Corpus." (ECF No. 5.) He asks the Court to continue the November 21, 2022 deadline to file an Answer or other responsive pleading until December 30, 2022. (Id. at 1–2.) In support, Respondent's counsel states that he was assigned this case on October 3, 2022, and was required to work on several responsive pleadings in other cases that had been assigned to him before this case. (Id. at 3.) The counsel further asserts that the requested extension will give him "sufficient time to complete a Response to the instant Petition that will be helpful to this Court in its resolution of the matter." (See id. at 3–4.)

  Having considered Respondent's motion, we well as defense counsel's supporting declaration, and finding good cause, the Court **GRANTS** the motion.  Accordingly, the Court issues the following **ORDERS**:

  1. If Respondents contend the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondents contend Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondents must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **December 30, 2022**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondents contend dismissal without reaching the merits of Petitioner's claims is warranted.  At the time the motion to dismiss is filed, Respondents must lodge with the Court all records bearing on Respondents' contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

  2. If Respondents file a motion to dismiss, Petitioner must file his opposition, if any, to the motion **no later than January 30, 2023**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondents which Petitioner believes may be relevant to the Court's determination of the motion.

  3. Unless the Court orders otherwise, Respondents must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondents adequate time to respond to Petitioner's claims on the merits.

  4. If Respondents do not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondents must file and serve an answer to the Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases **no later than December 30, 2022**.  At the time the answer is filed, Respondents must lodge with the

Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office."  Respondents must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **January 30, 2023**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

///
///
///

9. Petitioner must immediately notify the Court and counsel for Respondents of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 15, 2022

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge