1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| SALVADOR GUTIERREZ, | Case No.:  22cv1413-JO(LR) |
| Petitioner, | **REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| JAMES HILL, | |
| Respondent. | **[ECF No. 8]** |

This Report and Recommendation is submitted to the Honorable Jinsook Ohta, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  On September 15, 2022, Petitioner Salvador Gutierrez, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing a Petition for Writ of Habeas Corpus ("Petition").  (Pet. Writ Habeas Corpus, ECF No. 1 ("Pet.").)

Now pending before the Court is Respondent's Motion to Dismiss the Petition as untimely ("Motion to Dismiss"), and Petitioner's Opposition to Respondent's Motion to Dismiss.  (ECF Nos. 8, 9.)  For the reasons set forth below, the Court **RECOMMENDS**

that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED** as untimely.

## I.      BACKGROUND AND PROCEDURAL HISTORY

**A.      Petitioner's Criminal Conviction and Direct Appeal**

On September 23, 2015, a jury convicted Petitioner of nine counts of committing lewd and lascivious acts upon a child pursuant to California Penal Code section 288(a). (See Lodgment 1 at 2; Lodgment 5 at 1.)  As to counts one through seven, the jury found true that the victim was under fourteen years of age within the meaning of California Penal Code section 1203.066(a)(8). (Lodgment 5 at 1.)  On September 24, 2015, the trial court found true that Petitioner had a prior conviction for California Penal Code section 288(a) within the meaning of California Penal Code section 667.61(a)(c)(d), which qualified as a serious felony prior conviction and a felony strike prior conviction. (Id.) The trial court subsequently found that Petitioner's previous Arizona conviction qualified as a serious felony prior conviction and a felony strike prior conviction. (Id.)  On January 5, 2016, Petitioner was sentenced to 205 years to life in state prison. (Id.; Lodgment 1 at 2.)

On February 1, 2016, Petitioner filed a notice of appeal in the California Court of Appeal, arguing that his trial counsel was ineffective for failing to object to the use of the Arizona conviction for impeachment purposes because the Arizona conviction was not a crime of moral turpitude. (Lodgment 5 at 2; see also ECF No. 1-2 at 1.)  Additionally, Petitioner argued that the trial court violated his Sixth Amendment right to a jury trial when it determined that the Arizona conviction constituted a serious felony and strike prior under California law. (Lodgment 5 at 2.)

On May 22, 2017, the California Court of Appeal found that Petitioner's trial counsel was not ineffective for failing to object to the use of the Arizona conviction for impeachment purposes, but the trial court violated Petitioner's right to a jury trial when it determined the Arizona conviction constituted a serious felony. (Id.; ECF No. 1-2 at 2.) The appellate court reversed the finding that the Arizona prior conviction for child

molestation constituted a prior strike conviction and a serious felony, and remanded the case for resentencing.  (Lodgment 5 at 2.)

On October 24, 2017, on remand, Petitioner was resentenced to 135 years to life in state prison.  (Id.)

On October 31, 2017, Petitioner appealed his conviction to the California Court of Appeal claiming that his sentence constituted cruel and unusual punishment.  (Id.)  On June 4, 2019, the California Court of Appeal "remanded [the action] *only* for resentencing to allow the court to consider whether it should strike one or more of [Petitioner's] serious prior felonies on which the enhancements imposed under section 667, subdivision (a)(1) are based," and affirmed the judgment in all other respects.  (Lodgment 1 at 40–41; see also ECF No. 1-2 at 6.)

On July 15, 2019, Petitioner filed a petition for review in the California Supreme Court.  (Lodgment 2.)  On September 18, 2019, the California Supreme Court summarily denied the petition.  (Lodgment 3.)

On January 21, 2020, the Superior Court of California scheduled a "resentencing after remittitur" hearing for March 3, 2020.  (Lodgment 17[1] at 2.)  On March 3, 2020, on remand, the Superior Court declined to resentence Petitioner.  (Id. at 1 (stating that "[a]fter arguments from both counsel, the court's sentence of 10.24.17 remains as ordered"; see also id. (stating that the judgement "remains as ordered")).)  Petitioner did not appeal the trial court's March 3, 2020 sentencing decision.  (ECF No. 11 at 1.)

---

[1]  The Court notes that Lodgment 17 is filed separately as ECF No. 11-1 at 1–2, and all other lodgments are filed as ECF Nos. 8-3–8-13.  After reviewing the lodgments and the parties' briefing with respect to Defendant's Motion to Dismiss, the Court ordered Respondent to file supplemental lodgments.  (ECF No. 10 at 2.)  Respondent supplemented the lodgments on April 24, 2023, with Lodgment 17.  (See ECF No. 11.)

22cv1413-JO(LR)

1    **B.      Petitioner's State Habeas Petitions**

2            On September 30, 2021, Petitioner's state habeas petition was filed in the San

3    Diego County Superior Court, where Petitioner argued that: (1) fundamental miscarriage

4    of justice occurred in his case as a result of proceedings leading to conviction under both

5    state and federal law; (2) his prosecution was unconstitutional because it was time-barred

6    under the state statute of limitations, (3) he was denied due process based on pre-charging

7    delay, and (4) he received ineffective assistance of counsel.  (Lodgment 4; <u>see also</u>

8    Lodgment 5 at 2.)  On December 10, 2021, the San Diego County Superior Court denied

9    the petition.  (Lodgment 5.)

10           On April 25, 2022, Petitioner's petition for writ of habeas corpus was filed in the

11   California Court of Appeal, raising the same claims.  (Lodgment 6; <u>see also</u> Lodgment 4;

12   Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/

13   dockets.cfm?dist=41&doc_id=2381472&doc_no=D080318&request_token=NiIwLSEm

14   Lkw7WyBdSCItTElJQEg6UkxbKyJeSztRMCAgCg%3D%3D (last visited May 1,

15   2023).)  On May 16, 2022, the Court of Appeal denied the petition on procedural grounds

16   for failure to raise the claims on appeal, and on the merits.  (Lodgment 7.)

17           On May 23, 2022, Petitioner raised the same grounds in a petition for writ of

18   habeas corpus filed in the California Supreme Court.  (Lodgment 8; <u>see also</u> Lodgment 9;

19   Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/

20   dockets.cfm?dist=0&doc_id=2383587&doc_no=S274700&request_token=NiIwLSEmLk

21   w6WzBZSCM9WE5IQDg0UDxTJCNeWzpTMCAgCg%3D%3D (last visited May 1,

22

23

24

25

26

27

28

22cv1413-JO(LR)

2023).)  The California Supreme Court summarily denied the petition on July 13, 2022. (Lodgment 10.)

**C.** **Petitioner's Federal Habeas Petition**

On September 15, 2022,[2] Petitioner's federal Petition was filed in the United States District Court for the Southern District of California.  (See Pet.)  Petitioner asserts the following claims: (1) fundamental miscarriage of justice occurred in his case as a result of the proceedings leading to conviction under both state and federal law; (2) his conviction was unconstitutional because the victim's claims were time-barred; (3) his due process rights were violated by a delay between the initial reports of sexual abuse and his arrest and prosecution; and (4) he received ineffective assistance of trial counsel due to counsel's failure to raise these claims and other alleged deficiencies.  (See id.)

## II.    DISCUSSION

Respondent moves to dismiss the Petition with prejudice, claiming that it is time-barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Mot. Dismiss Pet. Writ Habeas

---

[2]  Petitioner's federal Petition was signed on September 1, 2022, (see Pet. at 44), and mailed to the United Statas District Court for the Southern District of California on September 13, 2022, (see id. at 11, 45).  The Court notes that courts apply the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court.  Houston v. Lack, 487 U.S. 266 (1988).  "To benefit from the mailbox rule, (1) a prisoner must proceed without counsel, and (2) the petition must be delivered to prison authorities for mailing to the court within the limitations period."  Hernandez, 764 F.3d at 1074.  The record in this case does not establish that Petitioner handed the Petition to prison authorities for mailing; rather a non-prisoner "paralegal" retained by Petitioner's family mailed the Petition for filing.  See Pet. at 11, 45; see also Opp'n at 5 (containing Edward Gutierrez's declaration stating that "[t]he paralegal filed the case on May 18, 2021").  Under these facts, the "prison mailbox rule" does not apply.  See Hernandez, 764 F.3d at 1074–75 (internal quotations omitted) (noting that courts have refused to apply the "prison mailbox rule" in cases where "a prisoner gives a petition to a third party who is not confined in prison for filing through regular channels," because applying the "prison mailbox rule" to petitions mailed from prison to third parties "would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date, thus circumvent[ing] statutes of limitations.").  Further, even if the Court were to deem the federal Petition filed on September 13, 2022, as discussed in Sections II.C and II.D, the Petition would still be untimely.

5

Corpus, ECF No. 8-1 ("Mot. Dismiss") at 5–11.)  Respondent further argues that Petitioner is not entitled to statutory or equitable tolling.  (Id. at 5, 8–11.)

Petitioner asserts in his Opposition that his Petition is timely.  (Opp'n Mot. Dismiss, ECF No. 9 ("Opp'n") at 8–11.)  He also contends that he is entitled to statutory and equitable tolling, and asks the Court to deny Respondent's Motion to Dismiss.  (Id. at 1, 10–12.)

## A.  **Legal Standard**

The AEDPA imposes a one-year period of limitation on applications for a writ of habeas corpus by persons in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The limitation period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The AEDPA's one-year statute of limitations period can be statutorily and equitably tolled.  Statutory tolling suspends the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review" is pending.  See 28 U.S.C. § 2244(d)(2).  Equitable tolling of the statute of limitations is appropriate when a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v.

22cv1413-JO(LR)

DiGuglielmo, 544 U.S. 408, 418 (2005); see also Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (same).

A petitioner bears the burden of demonstrating that the limitations period is sufficiently tolled under statutory or equitable principles. See Valdez v. Montgomery, 918 F.3d 687, 691 (9th Cir. 2019). It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when the petition is not filed within the AEDPA's one-year statute of limitations. Jiminez v. Rice, 276 F.3d 478, 482–83 (9th Cir. 2001).

**B.    Analysis of the Petition under § 2244(d)(1)**

Respondent asserts that Petitioner's state court judgment became final on December 17, 2019, and the statute of limitations to file a federal habeas petition expired on December 17, 2020. (Mot. Dismiss at 5–8.) Responded argues that because Petitioner's federal Petition was filed in September 2022, it is untimely. (Id.)

Petitioner contends that he "received a new or valid intervening judgement at least once if not more from his multiple trips back to the trial court and appealed or attempted to appeal these decisions." (Opp'n at 10.) Petitioner therefore alleges that he is entitled to a "later start date for the Federal Statute of Limitations." (Id.)

Because the Petition was filed after the effective date of the AEDPA, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Petitioner has not established that there were state created impediments that prevented him from filing his Petition sooner, that his claims rely on a new constitutional right, or that the factual predicate for his claim was unknown at the time his conviction became final. See 28 U.S.C. § 2244(d)(1)(B)–(D). As such, 28 U.S.C. § 2244(d)(1)(A) governs in this case.

The AEDPA's one-year statute of limitations began to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v.

Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The relevant judgment, for purposes of determining the start of the one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1), is the "judgment under which a prisoner is being held."  Marquez v. McDaniel, 729 F. App'x 583, 584 (9th Cir. 2018) (citing Smith v. Williams, 871 F.3d 684, 688 (9th Cir. 2017)).  "Where an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment," and "the one-year [statute of limitations] period runs from the date of the amended judgment."  Id.

Although Petitioner was initially sentenced on January 5, 2016, his direct appeal process through the California courts was extensive, and involved several remands and resentencing decisions.  As discussed above, on October 24, 2017, on remand, the trial court resentenced Petitioner to 135 years to life in state prison.  (Lodgment 5 at 2; see also Lodgment 4 at 2.)  On June 4, 2019, the California Court of Appeal "remanded [the action] *only* for resentencing to allow the court to consider whether it should strike one or more of defendant's serious prior felonies on which the enhancements imposed under section 667, subdivision (a)(1) are based," and affirmed the judgment in all other respects.  (Lodgment 1 at 40–41.)  On March 3, 2020, on the last remand, the Superior Court found that its "sentence of 10.24.17 remains as ordered."  (Lodgment 17 at 1; see also id. (stating that the judgement "remains in effect").)  The Court therefore needs to determine when Petitioner's judgment became final for purposes of determining the start date of the one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1).

In Colvin, the Ninth Circuit stated that "a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence."  United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000).  It determined that in cases where the appellate court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] the case to the trial court . . . . the judgment does not become final, and the statute of limitations does not begin to run, until the [trial court] has

entered an amended judgment and the time for appealing that judgment has passed." Id. at 1225. The Ninth Circuit reasoned that its "clear, easy-to-follow rule" provides several advantages. Id. The rule "ensures that the determination of whether a judgment is final will not turn on an assessment of whether [the court of appeal's] mandate leaves matters open to the district court." Id. Further, it avoids litigation over the question of finality and clearly defines the time period in which a suit must be commenced. Id. at 1226. Finally, the rule allows defendants to exhaust their appeals on direct review before bringing collateral attacks. Id.

In this case, after the most recent remand from the California Court of Appeal, the trial court's March 3, 2020 decision that Petitioner's sentence should remain unchanged was subject to appeal. Accordingly, the trial court's March 3, 2020 sentencing decision after remand, as well as subsequent appeals of that decision, are relevant to the Court's determination of the date when Petitioner's conviction became final. See id. at 1225–26; see also Dragasits v. Covello, Case No.: 3:21-cv-1459-CAB-MDD, 2022 WL 207730, at *3–4 (S.D. Cal. Jan. 24, 2022) (concluding that the trial court's sentencing decision after remand and subsequent appeals of that decision were relevant to the court's determination of the date on which petitioner's conviction became final, where upon remand, the trial court found that the original sentence was appropriate and imposed the same sentence); Jones v. Henry, No. 2:05-cv-1067-GEB-GGH-P, 2007 WL 512422, at *3 (E.D. Cal. Feb. 12, 2007) (concluding that the trial court's sentencing decision after remand refusing to strike petitioner's prior conviction was relevant for the purposes of determining when the petitioner's conviction became final; reasoning that the issue of whether the trial court properly refused to exercise its discretion to strike the prior conviction after remand was appealable).

Petitioner in this case did not appeal the March 3, 2020 trial court's sentencing decision. (See ECF No. 11 at 1.) "In California, when a conviction is not appealed, it becomes final sixty days after sentencing." Heath v. Allison, Case No.: 17cv2226-BAS(RBB), 2018 WL 4282630, at *6 (S.D. Cal. Sept. 6, 2018); Cal. R. Ct. 8.308(a)

("[A] notice of appeal and any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.").  Petitioner's conviction therefore became final sixty days after the March 3, 2020 trial court's sentencing decision, which was May 2, 2020.

Petitioner's statute of limitations for filing a habeas corpus petition in federal court began to run the day after his judgment became final on May 3, 2020.  See 28 U.S.C. § 2244(d)(1)(A); see also Patterson, 251 F.3d at 1246 (noting the limitations period begins to run the day after a judgment becomes final).  Accordingly, Petitioner had 365 days from the finality of judgment, until May 3, 2021, to file his federal habeas petition.  Petitioner's federal Petition, however, was filed on September 15, 2022, which was 500 days after the expiration of the one-year statute of limitations.  (See Pet.)  Accordingly, unless Petitioner is entitled to statutory or equitable tolling, his federal Petition is untimely.

**C.   Statutory Tolling**

Respondent argues that the federal statute of limitations expired on December 17, 2020, before Petitioner filed any of his state habeas petitions, and Petitioner therefore is not entitled to statutory tolling.  (Mot. Dismiss at 8–9.)  Petitioner disagrees that his statute of limitations expired on December 17, 2020, and contends that he is entitled to statutory tolling because the statute of limitations had not expired before he filed any of his state habeas petitions.  (See Opp'n at 11.)

The AEDPA tolls the one-year statute of limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court.  See 28 U.S.C. § 2244(d)(2).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."  Evans v. Chavis, 546 U.S. 189, 191 (2006).  In California, where habeas decisions are not appealed but may be filed originally in each court, the intervals between the

disposition of one state petition and the filing of a further petition may be tolled.  See Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, a state habeas petition filed after the expiration of the AEDPA's one-year statute of limitations has no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez, 276 F.3d at 482 (finding that the filing a state habeas petition after the federal statute of limitations had expired "resulted in an absolute time bar").  Additionally, the AEDPA's statute of limitations is "not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated." Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006).

Petitioner's deadline to timely file his federal habeas petition was May 3, 2021. His first state habeas petition was filed on September 30, 2021, which was 150 days after the expiration of the statute of limitations.  A state habeas petition filed after the expiration of the AEDPA's one-year statute of limitations does not toll the statute of limitations.  See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482.

Petitioner states that his family hired a paralegal to help with his case, and in April 2021, he sent the paralegal his final outline and the chronological history of the case. (Opp'n at 8.)  Petitioner submitted a declaration from his brother, Edward Gutierrez, who states that in April 2021, Petitioner "sent the paralegal his final outline of the case and the chronological history," and "[t]he paralegal filed the case on May 18, 2021."  (Id.; see also ECF No. 1-2 at 7.)  After learning that the Superior Court had not received Petitioner's habeas petition, the paralegal resent the habeas petition to the Superior Court on September 24, 2021.  (See Opp'n at 5–6; ECF No. 1-2 at 10, 23.)

To the extent Petitioner contends that he is entitled to statutory tolling because he filed his first state habeas corpus petition on May 18, 2021, the United States Supreme Court determined that an application for state post-conviction or other collateral review for purposes of 28 U.S.C. § 2244(d)(2) is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett,

531 U.S. 4, 8 (2000).  An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Id.; see also Zepeda v. Walker, 581 F.3d 1013, 1016–17 (9th Cir. 2009) ("The only question with which we are concerned is when [petitioner's] state habeas petition was 'properly filed,'" i.e., when that petition complied with all filing conditions imposed by California law.").  As such, Plaintiff's Superior Court habeas petition was "filed" for purposes of 28 U.S.C. § 2244(d)(2) on September 30, 2021.[3]  See id.; (see also ECF No. 1-2 at 9 (containing a letter from the San Diego Superior Court addressed to Petitioner, dated August 16, 2021, stating that his "petition was not received by this court"); Lodgment 5 at 2 (containing San Diego Superior Court's "Order Denying Petitioner for Writ of habeas Corpus," in which the court stated that "[o]n September 30, 2021, Petitioner filed the present petition for a writ of habeas corpus.").

Additionally, because Petitioner's subsequent habeas petitions in the California Court of Appeal and the California Supreme Court were filed after the expiration of the federal limitations period, they do not toll the statute of limitations.  See Aparicio v. Baker, 544 F. App'x 684, 685 (9th Cir. 2013) (concluding that petitioner's "untimely second state petition for postconviction relief did not toll the statute of limitations, because the federal limitations period already had expired."); Ferguson, 321 F.3d at 823 (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  Accordingly, Petitioner is not entitled to statutory tolling.  See 28 U.S.C. § 2244(d)(2); Ferguson, 321 F.3d at 823; Jiminez, 276

---

[3]  A non-prisoner "paralegal" retained by Petitioner's family sent the habeas petition to the Superior Court, and the "prison mailbox rule" therefore does not apply.  See Hernandez, 764 F.3d at 1074–75.  Further, even if the Court were to deem Petitioner's first state habeas petition constructively filed on September 24, 2021, Petitioner would not be entitled to statutory tolling because the constructive filing date would still be 144 days after the May 3, 2021 expiration of the statute of limitations.

1   F.3d at 482.  Petitioner's federal Petition therefore is time barred, unless Petitioner can

2   establish that he is entitled to equitable tolling.

3   **D.   Equitable Tolling**

4        Respondent contends that Petitioner has not shown extraordinary circumstances

5   that would warrant equitable tolling sufficient to overcome the federal statute of

6   limitations.  (Mot. Dismiss at 10.)  Respondent further argues that Petitioner was not

7   diligent because his prison had established protocols for library usage as early as

8   March 23, 2020, and although Petitioner could have accessed the law library and its

9   resources in the early months of the pandemic, he did not do so.  (Id.)

10       Petitioner asserts that he is entitled to equitable tolling.  (Opp'n at 11–12.)  In

11  support, he states that he was "diligent pursuing his criminal convictions," and

12  "extraordinary circumstances stood in his way since his multiple returns to the trial court

13  and then the March 20, 2020, disaster date of COVID-19."  (Id. at 11.)  Petitioner argues

14  that extraordinary circumstances warrant equitable tolling because he had limited access

15  to the law library at his correctional institution because of the COVID-19 pandemic, and

16  he did not have access to his legal materials while he was temporarily housed in a county

17  jail.  (See id. at 11–12.)

18       The AEDPA's one-year statute of limitations may be equitably tolled if a habeas

19  petitioner can establish the following two elements: (1) "[petitioner] has been pursuing

20  his rights diligently," and (2) "some extraordinary circumstances" prevented timely

21  filing.  Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).  Equitable tolling is

22  "unavailable in most cases," and "the threshold necessary to trigger equitable tolling

23  [under the AEDPA] is very high, lest the exceptions swallow the rule."  Bills v. Clark,

24  628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Miranda v. Castro, 292 F.3d 1063, 1066

25  (9th Cir. 2001)).  Equitable tolling of the limitations period requires that the

26  "extraordinary circumstances" beyond a prisoner's control make it impossible to file a

27  petition on time, rather than petitioner's oversight, miscalculation or negligence.  See

28  Waldron–Ramsey v. Pachoke, 556 F.3d 1008, 1011 (9th Cir. 2009); Harris v. Carter, 515

F.3d 1051, 1055 (9th Cir. 2008).  A habeas petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court."  Smith v. Davis, 953 F.3d 582, 598–99 (9th Cir. 2020).

The Court first addresses Petitioner's argument that he is entitled to equitable tolling of the statute of limitations due to the COVID-19 pandemic.  In its recent decision, the Ninth Circuit found that the COVID-19 pandemic did not give rise to "extraordinary circumstances" that would entitle a habeas petitioner to equitable tolling of his limitations period, where the petitioner "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in [his] 'particular situation.'"  Brown v. Holbrook, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023).  "General claims of prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic alone are insufficient to amount to 'extraordinary circumstances' for equitable tolling purposes," and a habeas petitioner is required to set forth "fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition."  Valles v. Allison, Case No.: 21-CV-819-GPC-WVG, 2022 WL 3327386, at *4–5 (S.D. Cal. Aug. 11, 2022); see also Cervantes v. Cisneros, Case No. 2:22-cv-00367-SSS-MAA, 2022 WL 4082488, at *5 (C.D. Cal. July 28, 2022) (internal quotations omitted) ("The COVID-19 pandemic, in itself, does not automatically warrant equitable tolling for any petitioner who seeks it on that basis"; rather, a "petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his [petition].").

In this case, Petitioner contends that "[b]ecause of COVID-19 prison pandemic, access to the law library and to other resources needed to file a habeas corpus petition were next to nill," and he was "on lockdown almost the entire time."  (Opp'n at 8.) Although Petitioner generally references prison lookdowns and limited law library access during the COVID-19 pandemic, he does not describe the length of those alleged

restrictions, when and how he attempted to access the library, and what systems his correctional institution had in place for obtaining legal materials.

In support of his Motion to Dismiss, Respondent submitted a declaration from Christina Tejada, a Senior Librarian at the California Institution for Men.  (Lodgment 11, Decl. Christina Tejada ("Tejada Decl.").)  Ms. Tejada declares that at the beginning of the COVID-19 pandemic in March 2020, the California Institution for Men adopted a "modified education, recreation, and law/library services" program.  (Id. at 1.)  Inmates with "Priority Library User" status[4] had physical priority access to the library during open operating hours, and inmates with "General Library User" status had physical access on a first come first serve basis.  (Id. at 1–2.)  The library was open on Tuesdays, Wednesdays, and Thursdays, from 8:00 a.m. until 4:00 p.m., and the modified schedule went into effect on March 23, 2020.  (Id. at 2 (citing Exh. 1).)  When an inmate was unable to physically access a library because of "prison lockdown, modified program, medical issues, etc.," the inmate was able to "submit a 'paging' request[5] through which the library w[ould] provide the inmate with the requested materials."  (Id. (citing Exh. 3).)  Ms. Tejada also declares that her search of library records revealed that Petitioner did not make any requests for library access during the early months of the COVID-19 pandemic.  (Id.)  In October 6, 2020, and on November 18, 2020, Petitioner made "paging" requests for library materials, and "[o]ther than these two occasions, there were no other

---

[4]  Inmates with "Priority Library User" ("PLU") status are not represented by an attorney, have an established court deadline, and are required to fill out an application applying for PLU status; and inmates who do not qualify for PLU status are able to access the library as "General Library Users." (Tejada Decl. at 2 (citing Exh. 2).)  Notably, "[a]n established court deadline may be either a court-imposed deadline for an active case or a statutory deadline."  (Lodgment 14, Exh. 2 (emphasis added).)

[5]  "Paging" is defined as follows, in relevant part: "When *unable to physically access the law library*, an inmate may request access to legal material through delivery of those materials to the inmate by library staff.  This process is referred to as law library paging."  (Lodgment 14, Exh. 3 at 1.)

1  indications [Petitioner] had made any requests for library access or materials.'"  (See id.;

2  Exhs. 4–5.)

3       Accordingly, Petitioner's correctional institution had protocols for library usage

4  during the COVID-19 pandemic as early as March 23, 2020.  (See id. at 1–2.)  Petitioner

5  has not presented any arguments or documentation showing that he requested, and was

6  denied, access to the law library during the COVID-19 pandemic.  Further, even if

7  Petitioner's physical access to the law library was limited, he was able to make "paging"

8  requests to obtain legal materials, as evidenced by his two requests for legal materials on

9  October 6, 2020, and November 18, 2020, both of which were fulfilled by the prison

10  library.  Under these facts, the Court finds that Petitioner has not set forth fact-specific

11  pandemic-related circumstances that hindered his ability to timely file his federal

12  Petition.  Petitioner therefore has not met his burden to show that "extraordinary

13  circumstances" of the COVID-19 pandemic prevented timely filing of his federal Petition

14  and that he was diligently pursuing his federal habeas claims during the pandemic.

15  Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418); see also Dones v. Allison, Case

16  No.:22cv282-MMA(BLM), 2022 WL 17979758, at *4–6 (S.D. Cal. Sept. 28, 2022)

17  (finding that petitioner was not entitled to equitable tolling because he "fail[ed] to

18  provide fact-specific pandemic-related circumstances that hindered his ability to file a

19  habeas petition," where the petitioner "d[id] not explain how his access to the law library

20  was limited, the length of those restrictions, if, when, and how he attempted to access the

21  law library or obtain legal research materials," as well as how the "lack of access to the

22  library, phone calls, and standard mail impeded his ability to timely file his petition, or

23  what systems were in place for obtaining legal materials such as a library paging system

24  and if he tried to utilize those systems or why those systems were insufficient.");

25  Cervantes, 2022 WL 4082488, at *3, *6 (finding that petitioner was not reasonably

26  diligent in pursuing his federal habeas claims throughout the limitations period; citing the

27  declaration from the prison records custodian that showed that the petitioner had not

28  requested access to the prison law library during the relevant time period); Shepherd v.

Asuncion, No. 21-cv-4147-JWH-E, 2021 WL 6496744, at *9–10 (C.D. Cal. Nov. 3, 2021) (finding that petitioner was not entitled to equitable tolling during alleged "total lockdown" due to COVID-19 between March 2020 and August 2020, where the petitioner did "not allege that he attempted to obtain legal materials from the library, either before or during the lockdown").

The Court next addresses Petitioner's argument that extraordinary circumstances warrant equitable tolling in this case because he did not have access to legal materials while he was temporarily housed in a county jail.  Specifically, Petitioner states that between January 2020, and March 2020, he was transferred to the county jail where he "had no access to his legal materials."  (Opp'n at 8, 10.)

The declaration from Ms. Tejada establishes that Petitioner was not housed at the California Institution for Men between January 16, 2020, and March 23, 2020, because of court proceedings.  (Tejada Decl. at 2.)  Equitable tolling may be available where prison officials deprived a federal habeas petitioner of access to his legal documents for a certain period of time.  See Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002).  In Lott, the appellate court found that a prisoner's temporary transfers to appear in court on an unrelated civil matter, which resulted in loss of access to legal materials for 82 days, during a time when "there were some obvious questions about the proper method under the AEDPA for tolling during the pendency of [his] petition before the California Supreme Court . . . . appear to satisfy the 'extraordinary circumstances' requirement for equitable tolling."  Id. at 924; see also Waldron–Ramsey, 556 F.3d at 1013 ("Deprivation of legal materials is the type of external impediment for which [the Ninth Circuit Court of Appeals has] granted equitable tolling.").  In this case, Petitioner does not describe any jail-specific policies that prevented him from obtaining legal materials, and does not allege that he requested and was denied access to legal materials during this time in country jail.  Petitioner's transfer to county jail lasted 67 days.  Because his federal

Petition was filed 500 days after the expiration of statute of limitations, 67 days of equitable tolling will not render the Petition timely.[6]  As a result, the Petition is untimely.

**E.    Actual Innocence Exception**

Petitioner appears to argue that he has provided new reliable evidence in his exhibits and declarations that "cast reasonable doubt on the proceedings." (Opp'n at 9–10.)  In support, Petitioner states that his "brothers declare how the trial attorney was ineffective and bias[ed] against the case." (Id.)  Respondent does not address Petitioner's actual innocence claim in the Motion to Dismiss.  (See Mot. Dismiss.)

A credible claim of "actual innocence" may overcome the AEDPA's limitations period.  See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (holding that a "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period").  A habeas petitioner must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  The evidence must be factual and indicate actual innocence, "as opposed to legal innocence as a result of legal error." Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2001). A petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

---

[6]  The Court also notes that Petitioner is not entitled to equitable tolling of the statute of limitations based on his "paralegal's" failure to properly file his first state habeas petition.  See Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) ("[A]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Miranda v. Castro, 292 F.3d 1063, 1066–68 (9th Cir. 2001) (finding that counsel's miscalculation and negligence in general do not constitute "extraordinary circumstances" sufficient to warrant equitable tolling); see also Reyes–Carreon v. Williams, 399 F. App'x 226 (9th Cir. 2010) (affirming dismissal of petition as untimely despite petitioner's contention that he relied on incorrect advice from an "assistant" in his prison law library); Alexander v. Schriro, 312 F. App'x 972, 975 (9th Cir. 2009) (holding that incorrect legal advice given by a prison paralegal in calculating the limitations period does not constitute extraordinary circumstances justifying equitable tolling).

1   Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).

2   Review is permitted only in "extraordinary" cases. Schlup, 513 U.S. at 327 (emphasizing

3   that claims of actual innocence are rarely successful).

4         In support of his actual innocence claim, Petitioner cites two declarations from his

5   brothers, Daniel Gutierrez and Edward Gutierrez.  (See Opp'n at 2–6, 8–9; ECF No. 1-2

6   at 22–23.)  In his declaration, Daniel Gutierrez describes his interactions with Petitioner's

7   trial counsel, Karen Hirr, and specifically, his disagreement with Ms. Hirr's decision not

8   to call him as a witness at Petitioner's trial.  (Opp'n at 2.)  He states that he was "an

9   expert witness concerning the dates, times, location and the warehouse layout" who

10  should have testified at trial to undermine the victim's testimony regarding the time and

11  place of the crimes that Petitioner was convicted of.  (Id. at 3.)  Further, Petitioner's

12  brother Edward Gutierrez states in his declaration that the family was "not happy" with

13  Ms. Hirr because she "wanted [Petitioner] to plead guilty."  (Id. at 4.)  He also states that

14  Ms. Hirr's assistant strongly encouraged Petitioner to "take the . . . deal," and the family

15  eventually terminated Ms. Hirr's services.  (Id.)[7]

16        Petitioner has not provided "exculpatory scientific evidence, trustworthy

17  eyewitness accounts or critical physical evidence" contemplated by Schlup.  See Schlup,

18  513 U.S. at 324.  Petitioner had firsthand knowledge of his trial counsel's decision not to

19  call certain witnesses at trial, including his brother Daniel Gutierrez, or any other

20  instances of the trial counsel's alleged deficient performance, before his conviction

21  became final.  The declarations from Petitioner's brothers do not contain any new

22  evidence that was not available during Petitioner's trial.  As Petitioner's brother Daniel

23  Gutierrez himself declares, the information about dates, times, location, and the layout of

24

25  [7]  The Court notes that in his Opposition to Defendant's Motion to Dismiss, Petitioner "incorporates by
26  reference the facts and declarations in the Petition." (Opp'n at 9 n.1.)  Petitioner's Petition contains
    sections entitled "Additional Facts," "Additional Exhibits," and "Letters to Trial Counsel." (Pet. at 12–
27  16.)  The identical sections were included in Petitioner's habeas petitions filed in the San Diego Superior
    Court, (see Lodgment 4 at 7–11), and the California Court of Appeal, (see Lodgment 6 at 7–11).  Both
28  courts considered the information and denied Petitioner's petitions.  (See Lodgments 5, 7.)

the warehouse was made available to Petitioner's trial counsel before the conclusion of Petitioner's trial.  Further, the information does not establish Petitioner's innocence, only his version of events, and is not sufficient to show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  See id. at 327.  Accordingly, Petitioner is not entitled to a tolling of the AEDPA statute of limitations based on his assertion of actual innocence.  See Dones v. Allison, Case No.:22cv282-MMA(BLM), 2022 WL 17979758, at *14 (S.D. Cal. Dec. 18, 2022) (finding that petitioner failed to provide new and reliable evidence in support of his actual innocence claim, where the evidence at issue merely represented petitioner's version of events, and the evidence was made available to petitioner's trial counsel and could have been discovered before petitioner's guilty plea).

The Court therefore **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED**, and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

### III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss with prejudice.

**IT IS ORDERED** that no later than **June 9, 2023**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

22cv1413-JO(LR)

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 16, 2023**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:  May 9, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

22cv1413-JO(LR)