UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL,<br><br>Respondent. | Case No.: 22cv1413-JO-LR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

*Pro se* Petitioner Salvador Gutierrez filed a habeas corpus petition under 28 U.S.C. § 2254 on September 15, 2022. Dkt. 1. On December 15, 2022, Respondent filed a motion to dismiss the petition as untimely. Dkt. 8 ("MTD"). On May 9, 2023, Magistrate Judge Rodriguez issued a Report and Recommendation (the "R&R") recommending that the petition be dismissed. Dkt. 12. On June 7, 2023, Petitioner Gutierrez filed an objection to the R&R, arguing that he is entitled to statutory or equitable tolling. Dkt. 13 ("Objection"). For the reasons set for below, the Court adopts the R&R in its entirety.

**I. BACKGROUND**

**A. Procedural History**

On September 23, 2015, Gutierrez was sentenced to a term of 205 years to life in state prison after being convicted of nine counts of committing lewd and lascivious acts

1

upon a child. R&R at 2.[1] Gutierrez appealed his sentence twice. *Id.* at 2–3. After his first appeal, the sentencing court reduced his sentence to 135 years to life. *Id.* After the second appeal, on March 3, 2020, the sentencing court declined to resentence Gutierrez. *Id.* Gutierrez did not appeal this March 3, 2020 sentencing decision. *Id.* at 3. Because he did not appeal this decision, it became final sixty days later on May 3, 2020, by operation of law. Cal. R. Ct. 8.308(a).

Over sixteen months later, on September 30, 2021, Gutierrez filed a habeas petition in California state superior court. *Id.* at 4. In his petition, Gutierrez argued that (1) he was wrongfully convicted under both state and federal law, (2) his prosecution was time-barred, (3) he was denied due process based on pre-charging delay, and (4) he received ineffective assistance of counsel. *Id.* at 4. On December 10, 2021, the state court denied his petition, and Gutierrez appealed to the California Court of Appeal, raising the same claims. *Id.* On May 16, 2022, the Court of Appeal denied Gutierrez's petition, and he appealed to the California Supreme Court. *Id.* On July 13, 2022, the California Supreme Court summarily denied his petition. *Id.* at 5.

On September 15, 2022, Gutierrez filed a habeas petition in this Court raising the same four claims previously raised in his state petition. Dkt. 1. Because Gutierrez filed his federal habeas petition more than a year after his last sentencing decision became final, Respondent moved to dismiss Gutierrez's petition as time-barred under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 8 ("MTD"). On May 9, 2023, Magistrate Judge Lupe Rodriguez issued an R&R recommending that Respondent's habeas petition be dismissed as untimely. *See* Dkt. 12 (the "R&R"). Gutierrez timely filed an objection to the R&R on June 7, 2023. *See* Dkt. 13 ("Objection").

///

---

[1] After conducting a de novo review, the Court adopts the Magistrate Judge's recitation of the facts in full.

**B. Gutierrez's Objection**

Gutierrez's objects to the R&R on the grounds that the one-year statute of limitations should be tolled and his federal habeas petition should be considered timely because he (1) filed state habeas petitions in the intervening time; (2) suffered from inadequate access to legal resources; and (3) is innocent of the underlying crime. *See* Objection. Magistrate Judge Lupe Rodriguez addressed each of these arguments in his thorough and well-reasoned R&R.

First, Gutierrez argues that, before he filed his federal petition, he filed state habeas petitions that tolled the statute of limitations under AEDPA. *See id.* The Magistrate Judge concluded that Gutierrez could not invoke statutorily tolling on this basis because only timely state habeas petitions can trigger statutory tolling, and Gutierrez's state habeas petitions were untimely filed after the one-year limitations period. *See* R&R at 10–12. In his Objection, Gutierrez argues that his state habeas petitions were timely because, even though the state court did not receive his first petition until September 30, 2021, it was mailed on May 18, 2021. *See* Objection at 10; *see also* R&R at 11.

Second, Gutierrez argues that the limitations period should be equitably tolled during periods that he allegedly had inadequate access to legal resources. *See* Objection at 10–12. Gutierrez makes two arguments on this point: (1) that the period from March 2020 to March 2021 should be tolled because the COVID-19 pandemic generally qualifies as an extraordinary circumstance; and (2) that the period through August 25, 2020 should be tolled because he made multiple requests to physically access the prison's law library and was denied. *See id.*, Gutierrez Decl. at 1–2 (Gutierrez's allegations regarding these denied requests are made for the first time in his Objection). The Magistrate Judge considered the parties' evidence regarding the prison's COVID-19 library protocols and the records showing what requests Gutierrez made to access legal resources. R&R at 13–17. This evidence showed that the prison had protocols in place by March 2020 where prisoners could request physical access to the law library, but that Gutierrez had not made any such request. *Id.* at 15–16. It also showed that prisoners could make "paging" requests to have

3

materials sent to them in lieu of physically accessing the library, but that Gutierrez did not make a paging request until September 2020. *Id.* Given this evidence, the Magistrate Judge concluded that Gutierrez had not met his burden to show that the COVID-19 pandemic specifically impeded him from timely filing. R&R at 13–17.

Third, Gutierrez argues that the one-year limitations period should be tolled because he is innocent. *See* Objection at 8–10. To this end, Gutierrez points to two declarations submitted by his brothers stating that each could have contradicted the victim's testimony at trial but that, due to the ineffectiveness of Gutierrez's trial counsel, they were not called to offer such testimony. *See id.* The Magistrate Judge concluded that Gutierrez's untimeliness could not be excused by his claim of actual innocence because he had not met the high threshold required: to point to new reliable evidence that made it more likely than not that no reasonable juror would have found him guilty. R&R at 18–20.

## II. LEGAL STANDARD

The Court reviews *de novo* the portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.*

## III. DISCUSSION

**A. Statute of Limitations Period**

Because the Magistrate Judge recommends dismissal of Gutierrez's petition on statute of limitations grounds, the Court starts by calculating when AEDPA's one-year statute of limitations began to run. Under AEDPA, the statute of limitations period begins to run on the date the petitioner's "judgment" becomes final after "direct review" or after the time for seeking direct review expires. 28 U.S.C. § 2244(d)(1)(A). The relevant

"judgment" is the "one under which a prisoner is being held." *Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) (citing *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017)). "In California, when a conviction is not appealed, it becomes final sixty days after sentencing." *Heath v. Allison*, 2018 WL 4282630, at *6 (S.D. Cal. Sept. 6, 2018); Cal. R. Ct. 8.308(a). After a *de novo* review, the Court agrees with the Magistrate Judge that AEDPA's one-year period began to run on May 3, 2020. On March 3, 2020, the state trial court declined to resentence Gutierrez after his second appeal. Because Gutierrez did not appeal this decision, his judgment became final sixty days later on May 3, 2020. *See Heath*, 2018 WL 4282630, at *6. Accordingly, the Court will consider Gutierrez's statute-of-limitations arguments below in light of the fact that AEDPA's one-year statute of limitations began to run on May 3, 2020 and—unless statutory or equitable tolling applies––expired on May 3, 2021.

### B. Statutory Tolling Based on Gutierrez's State Habeas Petitions

Gutierrez first objects that the Magistrate Judge incorrectly determined that AEDPA's statute of limitations was not statutorily tolled. The Court disagrees because Gutierrez's untimely state habeas petitions did not toll the statute of limitations. Under 28 U.S.C. § 2244(d)(2), a timely and properly filed state habeas petition tolls AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). On the other hand, an untimely filed state habeas petition does not toll the statute of limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482–83 (9th Cir. 2001) (finding that untimely filing a state habeas petition after the federal statute of limitations had expired "resulted in an absolute time bar"). Gutierrez's state habeas petitions were not timely because the first was not filed until September 30, 2021, more than four months after AEDPA's one-year statute of limitations period expired on May 3, 2021. *See* R&R at 4. Moreover, as the Magistrate Judge explained, this kind of statutory tolling is only available when a state petition is properly "filed," not when it is mailed. *See Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009) (noting that a habeas petition is filed when it is delivered to and accepted by the court). Thus, even accepting Gutierrez's argument that his paralegal *mailed* his petition in May

5

2021, it is undisputed that it was not *filed* until September 2021.² Accordingly, Gutierrez's untimely state habeas petitions did not toll AEDPA's one-year deadline, and he is not entitled to statutory tolling on this basis.

**C. Equitable Tolling Based on COVID-19**

Next, Gutierrez objects to the Magistrate Judge's conclusion that he did not meet his burden to invoke equitable tolling based on the special circumstances created by the COVID-19 pandemic.³ He argues that the general circumstances of the pandemic, as well as his inability to access the prison's law library from May to August 2020, warrant tolling the statute of limitations. To be eligible for equitable tolling, the petitioner bears the burden of showing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (cleaned up). "The petitioner must also show that the extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (cleaned up). Petitioner bears the burden of alleging facts that would give rise to tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Espinosa–Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

First, the Court agrees with the Magistrate Judge that Gutierrez is not entitled to equitable tolling through March 2021 based on his argument that COVID-19 generally constituted an "extraordinary circumstance." Courts in this circuit have regularly held that a petitioner must point to facts showing that COVID-19 *specifically* prevented him or her from timely filing. *See e.g.*, *Brown v. Holbrook*, 2023 WL 2445685, at *2 (9th Cir. Mar.

---

² Even if timely mailing could render a petition timely filed, which it cannot, the Court notes that Gutierrez's May 18, 2021 mailing would still be untimely because the one-year deadline expired prior.

³ Gutierrez also argues that he is entitled to equitable tolling for the period that he was in a county jail without access to legal resources in early 2020. Objection, Gutierrez Decl. at 1. Because this occurred before the one-year statute of limitations began to run on May 3, 2020, this argument is moot. *See id.*

6

10, 2023) (noting that petitioner "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in [his] 'particular situation'"); *Davis v. Kibler*, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022) ("[T]he COVID-19 pandemic does not automatically warrant equitable tolling . . . the plaintiff must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his claim"). Gutierrez's general allegations that the prison did not function as usual during the pandemic are insufficient to show that COVID-19 was an extraordinary circumstance that specifically prevented him from timely filing. *See, e.g.*, Objection, Gutierrez Decl. at 2 (arguing that because of COVID, "prisons could not, and did not function like business as usual"). Thus, the Court agrees with the Magistrate Judge that the statute of limitations was not tolled through March 2021 on this basis.

Second, the Court finds that Gutierrez failed to show that his lack of access to the library from May to August 2020—as opposed to his own lack of diligence—prevented him from filing his petition.[4] Although deprivation of legal materials can warrant equitable tolling, a Petitioner must show that such deprivation "*caused* him to file his petition . . . late." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (emphasis added). "[W]hether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question' that requires courts to evaluate a petitioner's diligence . . . to determine whether the extraordinary circumstance actually did prevent timely filing." *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (en banc); *see also, e.g.*, *Cervantes v. Cisneros*, 2022 WL 4082488, at *5 (C.D. Cal. July 28, 2022) (finding petitioner was not reasonably diligent in pursuing habeas and citing the declaration from the prison records custodian showing that petitioner had not requested access to the prison law library). For the first time in his Objection, Gutierrez alleges that he made

---

[4] The Court notes that even if Gutierrez could meet his burden to show that he is entitled to equitable tolling during this period, his habeas petition would still be untimely. Even if AEDPA's one-year limitations period did not begin to run until August 26, 2020, his September 30, 2021 habeas petition would still have been filed over a year later and would be untimely.

requests to go to the prison's law library prior to August 2020 that were denied. Accepting these allegations as true, Gutierrez still not shown that his inability to physically access the library prevented him from filing his claim. Indeed, as the Magistrate Judge explained, the record shows that Gutierrez could have made "paging" requests to obtain legal materials from the library, but he did not. *See* R&R at 15–16. He was apparently aware he could make such requests because he did so successfully on several occasions starting in September 2020, but he does not attempt to explain why he did not make requests prior to September 2020. *See id.* at 16. Under these circumstances, Gutierrez's could have availed himself of the prison's procedures to access legal resources earlier but chose not to. Thus, he has not shown that his inability to access legal materials was caused by an extraordinary circumstance instead of a lack of diligence, as necessary to obtain equitable tolling. Accordingly, the Court will not equitably toll the period through August 25, 2020 on this basis.

**D. Tolling Based on Actual Innocence**

Lastly, the Court considers Gutierrez's objection that he is entitled to tolling based on actual innocence. A credible claim of actual innocence may overcome AEDPA's limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). In order for an actual innocence claim to be credible, a petitioner must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2001) (new evidence must indicate actual innocence "as opposed to legal innocence as a result of legal error."). A petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (citation omitted). Review is permitted only in "extraordinary" cases. *Schlup*, 513 U.S. at 327.

Here, Gutierrez's request for tolling based on actual innocence fails because the impeachment evidence he offers does not sufficiently indicate that he is actually innocent. Gutierrez argues in his Objection, as he did before the Magistrate Judge, that two declarations from his brothers contain testimony that would have impeached the victim's testimony. Objection at 1–9. These declarations state only that Gutierrez's trial lawyer was ineffective and that each could have testified to undermine the victim's testimony regarding the time and place of the crimes that Gutierrez was convicted of. *See id.* As such, the Court agrees with the Magistrate Judge that this impeachment testimony is not scientific evidence, physical evidence, or an eyewitness account establishing innocence. R&R at 19–20. Moreover, the Court finds that these declarations lack reliability given that they are offered belatedly by family members years after trial, without the benefit of cross-examination, and without sufficient detail regarding what testimony could have been offered. *See, e.g.*, *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) (explaining that impeachment evidence that provides only "some degree of impeachment of the prosecution's main witness[] . . . does not . . . fundamentally call into question the reliability of [the] conviction."). The Court therefore concludes that these declarations are not reliable evidence of actual innocence. Therefore, because Gutierrez has not put forth a credible claim of actual innocence, he is not entitled to tolling on this basis.

**E. Certificate of Appealability**

The Court denies Gutierrez's request for a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability will issue only if the petitioner makes a substantial showing of the denial of a constitutional right.) For the reasons described in this order, Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, the Court will not issue a certificate of appealability.

///

## IV. CONCLUSION

For the reasons discussed above, the Court ADOPTS the R&R in its entirety [Dkt. 12]. The Court GRANTS Respondent's motion to dismiss Gutierrez's petition with prejudice [Dkt. 8], DISMISSES the petition, and DENIES a certificate of appealability.

**IT IS SO ORDERED.**

Dated: September 25, 2023

_____
Hon. Jinsook Ohta
United States District Court