UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GUTIERREZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JAMES HILL,<br><br>　　　　　　　　　　Respondent. | Case No.: 22-cv-01413-JO-LR<br><br>**ORDER GRANTING REQUEST TO REOPEN THE TIME TO FILE AN APPEAL** |

　　　　On March 21, 2024, *pro se* Petitioner Salvador Gutierrez filed a motion to vacate the Court's September 25, 2023 order adopting Magistrate Judge Lupe Rodriguez's report and recommendation granting Respondent James Hill's motion to dismiss. Dkt. 15. Petitioner asserts that the Court erred pursuant to Federal Rule of Civil Procedure 60(b) by failing to provide him with a copy of this final order. *Id.*; Fed. R. Civ. P. 60(b)(1). Petitioner argues that he was unable to file a timely notice of appeal with the Ninth Circuit because he did not discover the Court's decision until February 2024. Dkt. 15.

　　　　Because Petitioner ultimately seeks more time to file a notice of appeal, the Court liberally construes his *pro se* motion for vacatur as a request to reopen the time to file an

appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).  Fed. R. App. P. 4(a)(6); *In re Stein*, 197 F.3d 421, 424–27 (9th Cir. 1999) (establishing that Fed. R. Civ. P. Rule 60(b) cannot be used to extend the deadline to file a notice of appeal because Fed. R. App. P. 4(a)(6) was created for this purpose), *as amended on denial of reh'g* (Jan. 5, 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal citation and quotation marks omitted)).  Under this rule,

> "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if . . . (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).

Here, Petitioner has met the necessary requirements for the Court to reopen the time to file his appeal.  First, the Court finds that Petitioner did not receive notice of the entry of its September 25, 2023 order within 21 days because he only learned of the Court's decision in February 2024, over four months after the Court entered of this judgment. Dkt. 15 at 2.  In fact, Petitioner's mail log shows that the prison's mail room never received this order. *Id.* at 8.  Second, Petitioner filed this motion on March 21, 2024, exactly on the 180th day after the Court issued its order, meeting the requisite deadline. *Id.* at 1.  Third, the Court does not find that either party would be prejudiced as a significant duration of time has not passed and there is no evidence that the appellee has relied on the closure of

---

[1] Under Federal Rule of Civil Procedure 77(d), "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. Rule 77(d).

this case. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (explaining that the advisory committee has defined prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal . . . for example, if the appellee had taken some action in reliance on the expiration of the normal time period").

In sum, the Court GRANTS Petitioner's request to reopen the time to file his appeal. Thus, Petitioner has fourteen days following the entry of this order, April 23, 2024, to file his notice of appeal with the Ninth Circuit.

Accordingly, the Court ORDERS the U.S. Marshal to serve a copy of this order upon Petitioner and DIRECTS the clerk of the court to close this case.

**IT IS SO ORDERED**.

Dated: April 9, 2024

_____
Honorable Jinsook Ohta
United States District Judge